2015 UT App 74

# THE UTAH COURT OF APPEALS

IN THE INTEREST OF D.A.J., A PERSON UNDER EIGHTEEN YEARS OF AGE.

L.G.,
Appellant,
*v.*
A.J.,
Appellee.

Per Curiam Decision
No. 20141176-CA
Filed March 26, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable James R. Michie Jr.
No. 1087057

Russell Yauney, Attorney for Appellant

Wade Taylor, Attorney for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN and KATE A. TOOMEY.

PER CURIAM:

¶1 L.G. appeals the juvenile court's order dismissing the petition to terminate the parental rights of A.J. (Mother) and E.V. (Father), and the subsequent order making additional findings regarding the proceeding. We affirm.

¶2 L.G. filed a private petition in the juvenile court seeking to terminate Mother's rights in D.A.J. An amended petition adding Father was filed later. In the course of pretrial proceedings, L.G. and Mother entered into a stipulation that

addressed many issues related to the custody and care of D.A.J. Father was not involved in the stipulation, however, and the juvenile court noted that any agreement was limited because of the purported effect on Father's parental rights. Accordingly, the juvenile court did not accept the stipulation as a whole at any time. However, the juvenile court incorporated several parts of the stipulation into a temporary order. That temporary order was in effect for two to three months until the juvenile court vacated the order, entered new temporary orders, and set the matter for trial.

¶3     After trial, the juvenile court found that grounds for termination of the parents' rights were not established. The court also found that termination would not be in the child's best interests. Accordingly, the juvenile court dismissed the petition. L.G. does not challenge the juvenile court's decision not to terminate parental rights, but rather asserts that the juvenile court should have provided other relief through the enforcement of the stipulation between L.G. and Mother. She also seeks attorney fees associated with the juvenile court's finding that Mother was in contempt of court.

¶4     L.G. argues that the stipulation established that D.A.J. was dependent, and that the juvenile court could therefore grant L.G. custody and guardianship of D.A.J. She also asserts that the juvenile court should enforce monetary agreements in the stipulation. On the whole, L.G. argues that the stipulation should be enforced regardless of the dismissal of the termination petition and the termination of the juvenile court's jurisdiction.

¶5     The juvenile courts are courts of limited jurisdiction. *In re B.B.*, 2004 UT 39, ¶ 13, 94 P.3d 252. "Their powers are limited to those specifically conferred by the statute." *Id.* Juvenile courts have exclusive jurisdiction over children who are abused, neglected, or dependent within the statutory definitions. Utah Code Ann. § 78A-6-103(c) (LexisNexis 2012). Additionally, the

juvenile court has exclusive jurisdiction over proceedings regarding the termination of parental rights under part 5 of the Juvenile Court Act. *Id.* § 78A-6-103(g). In this case, the juvenile court did not adjudicate D.A.J. as abused, neglected, or dependent. Rather, this case was initiated by the filing of a petition to terminate Mother's parental rights under section 78A-6-504.

¶6      The filing of the termination petition invoked the juvenile court's jurisdiction to adjudicate the petition. Although L.G. asserts that the stipulation established that D.A.J. was dependent, the juvenile court did not adjudicate D.A.J. as dependent. Additionally, the juvenile court was not bound by the stipulation between the parties. It is well settled that parties cannot stipulate to subject matter jurisdiction, such as the determination of dependency asserted by L.G. purports to do. *See In re E.H.*, 2006 UT 36, ¶ 21, 137 P.3d 809. Furthermore, even an agreement regarding certain facts "may not affect a court's authority to disregard the stipulation and compel the parties to present evidence for the court to weigh and evaluate."[1] *Id.* ¶ 20.

¶7      Although L.G. argues that the stipulation stands on its own and is enforceable, it was never accepted as a whole by the juvenile court. Rather, the stipulation served a limited role of providing a basis for a temporary order, which did not even remain effective until trial. Furthermore, once the termination petition was dismissed and the juvenile court's jurisdiction ended, the court had no authority to enforce an agreement made prior to trial. *M.F. v. J.F.*, 2013 UT App 247, ¶ 13, 312 P.3d 946. "A

---

1. For example, the stipulation asserted that D.A.J. was homeless for a period of time. However, at trial the evidence established that he always had a home, although not always with Mother. L.G. had guardianship and custody for a year.

court must have subject matter jurisdiction to have the power and authority to decide a controversy." *Id* ¶ 10 (citation and internal quotation marks omitted). Because there was no longer a pending case before the juvenile court, the court lacked jurisdiction to enforce any prior order or agreement.[2] *See, e.g., In re B.B.*, 2004 UT 39, ¶ 16.

¶8     L.G. also asserts that the juvenile court erred in declining to award attorney fees to L.G. for Mother's contempt of court. L.G. filed a motion for an order to show cause in February 2014. There was no determination of whether Mother was in contempt prior to trial on the termination petition. At trial, Mother admitted to willfully violating temporary orders previously in effect. The juvenile court found Mother to be in contempt, specifically noted that the finding was criminal in nature as a vindication of the court's authority, and assessed a fine as a penalty. The contempt finding was incorporated into the final order dismissing the petition and terminating jurisdiction.

¶9     L.G. first asserts that the contempt should have been considered civil contempt and that fees should have been awarded based on a purported sanction in an order regarding a pretrial hearing on January 15, 2014. The record does not support her assertion that a contempt finding was made or fees awarded at that hearing. The hearing was scheduled on the guardian ad litem's motion for a review hearing. Although the juvenile court addressed some concerns about Mother's compliance with orders regarding custody evaluations and therapy requirements, the juvenile court did not make any finding of willful noncompliance. At L.G.'s request, the juvenile

---

2. Although the juvenile court lacks jurisdiction to enforce the stipulation, this court expresses no opinion regarding whether the stipulation may be enforced under contract principles in a different forum.

court reserved the issue of whether any fees would be awarded for trial. However, no sanction for civil contempt was imposed.

¶10    L.G. also asserts that the juvenile court erred in finding that attorney fees are not awardable in criminal contempt. Under the circumstances in this case, the error, if any, is harmless. Assuming without deciding that attorney fees may be awarded in a criminal contempt setting, L.G. did not provide the juvenile court with any legitimate basis to make such an award in this case. Her motion in the juvenile court was conclusory and insufficient. It amounted to no more than an assertion that it is an open question of whether fees may be awarded in a criminal contempt context, without providing any detailed argument as to why L.G. should be awarded fees in this unusual context. Because there was an insufficient basis to make any award even if available in a criminal contempt context, any error in the juvenile court's conclusion that fees are not available is harmless.

¶11    Affirmed.

_____